**Christensen, Chyna**
___

| | |
|---|---|
| **From:** | SOP@cogencyglobal.com |
| **Sent:** | Monday, March 2, 2020 2:13 PM |
| **To:** | Licensing-Waypoint |
| **Cc:** | Dickenson, Greg; Peralez, Selma |
| **Subject:** | Service of Process for Entity: WAYPOINT RESOURCE GROUP, LLC |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Please see the Vine for additional information on malicious email.



# NOTICE OF SERVICE OF PROCESS

**Entity Served:** WAYPOINT RESOURCE GROUP, LLC
**Received in:** Florida

COGENCY GLOBAL INC. has received the enclosed document on behalf of the above named entity. As the appointed registered agent or agent for service of process for the entity, we are forwarding the document to you. By clicking the **"Retrieve Document"** button you acknowledge the receipt of this service of process on behalf of the entity listed.

| | |
|---|---|
| **Client Group:** | WAYPOINT RESOURCE GROUP, LLC |
| **SOP Number:** | SP697175 |
| **Document Type:** | Summons & Complaint |
| **Date of Service:** | 3/2/2020 |
| **Service Method:** | Personal |
| **Court:** | In the Tenth Judicial Circuit Court, Polk County, Florida |
| **Document Caption:** | Brittany Thigpen vs. WAYPOINT RESOURCE GROUP, LLC |
| **Case Number:** | 2020SC-001308-0000-LK |
| **Original to Follow:** | Yes |
| **Original Being Sent To:** | Chyna Christensen - Legal Dpt<br>Waypoint Resource Group, LLC<br>301 Sundance Parkway<br>Round Rock, TX 78681 |
| **Tracking Number:** | 777907599259 |

# Click Here to Retrieve Document

## Important Reminders

The above link is valid until 03/09/2020 at 11:59pm EST. The document is also available for viewing at [www.entitycentral.com](www.entitycentral.com). If you have any questions or concerns, please contact us at SOP@COGENCYGLOBAL.COM or 866.621.3524.

*This notice and, if applicable, document link (together, the "Notice") is being sent to, and is intended for, the contact designated in COGENCY GLOBAL INC.'s records to receive service of process. We are not responsible for any loss, injury, claim, liability, or damage arising from your use of or reliance on the information contained within the Notice, including, but not limited to, any error or omission in the information contained within the Notice or from any subsequent transmission or third-party access to the Notice. This Notice should be reviewed by your legal and/or tax advisors, and questions concerning whether or how to respond to any document received by us on your entity's behalf should be directed to them. The information contained in the transmittal portion of the Notice is solely for informational purposes, is not a substitute for legal or tax advice, and cannot be relied on to provide complete information.*

Date: 3/2/20   Time: 9:25h
MCN #111
is a certified process server in the Circuit and County Courts in and for the Second Judicial Circuit

IN THE COUNTY COURT OF POLK COUNTY, FLORIDA
CLAIMS DIVISION
CASE NO. 2020SC-001308-0000-LK

BRITTANY THIGPEN
%MORGAN BRANDON D, ESQUIRE
2002 E 5TH AVE, SUITE 104
TAMPA, FL 33605
      PLAINTIFF

VS.

WAYPOINT RESOURCE GROUP LLC
115 NORTH CALHOUN ST
SUITE 4
TALLAHASSEE, FL 32301
      DEFENDANT

### SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

**YOU ARE HEREBY COMMANDED** to serve this NOTICE and a copy of the COMPLAINT upon: **WAYPOINT RESOURCE GROUP LLC**

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the POLK COUNTY GOVERNMENT CENTER, 930 East Parker Street, Courtroom 216, Lakeland, Florida on the **30th** day of **March, 2020**, at **10:00 AM** for a PRETRIAL CONFERENCE before this court.

**IMPORTANT-- READ CAREFULLY THE CASE WILL NOT BE TRIED AT THAT TIME. DO NOT BRING WITNESSES--APPEAR IN PERSON OR BY ATTORNEY.**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and

Page 1 of 3

addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE:** The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any 1 or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons/notice to appear.

**Issued on 26th** day of **February, 2020.**

**STACY M. BUTTERFIELD, CPA**
CLERK OF THE COUNTY COURT
930 EAST PARKER ST., ROOM 240
PHONE (863) 534-4000

By _Melinda Johnson_
　　　　　　　Deputy Clerk

**REQUESTS FOR ACCOMMODATIONS
BY PERSONS WITH DISABILITIES**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Office of the Court Administrator, 255 N. Broadway Avenue, Bartow, Florida 33830, (863) 534-4686, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Filing # 103805938 E-Filed 02/24/2020 03:46:49 PM

IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
SMALL CLAIMS DIVISION

| | |
|---|---|
| **Brittany Thigpen,** | Case No: _____ |
| *Plaintiff,* | |
| v. | Ad Damnum: **$2,000 + Atty Fees & Costs** |
| **Waypoint Resource Group, LLC,** | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, **Brittany Thigpen** ("**Ms. Thigpen**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Waypoint Resource Group, LLC** ("**Waypoint**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Thigpen against Waypoint for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**") and the *Florida Consumer Collection Practices Act*, Section 559.55, *et seq.*, Florida Statutes ("**FCCPA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCCPA, Section 559.77(1), Florida Statutes, and Section 34.01, Florida Statutes.

3. Waypoint is subject to the provisions of the FDCPA and the FCCPA and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Polk County, Florida, pursuant to Section 47.051, Florida Statutes, because the acts complained of were committed and / or caused by Waypoint within Polk County.

## PARTIES

### Ms. Thigpen

5.      **Ms. Thigpen** is a natural person residing in Lakeland, Polk County, Florida, and a *Consumer* as defined by the FDCPA and the FCCPA, 15 U.S.C. § 1692a(3) and Section 559.55(8), Florida Statutes, respectively

### Waypoint

6.      **Waypoint** is a Pennsylvania limited liability company with a primary business address of **301 Sundance Parkway, Round Rock, TX 78663.**

7.      Waypoint is registered to conduct business in the State of Florida, where its Registered Agent is **Cogency Global, Inc., 115 North Calhoun St., Suite 4, Tallahassee, FL 32301.**

### DEFENDANT IS A DEBT COLLECTOR

8.      Waypoint is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that it uses postal mail or another instrumentality of commerce, interstate and within the State of Florida, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9.      Waypoint is registered with the Florida Office of Financial Regulation as a *Consumer Collection Agency* ("CCA"), holding license number **CCA9902704. SEE PLAINTIFF'S EXHIBIT A.**

10.     As a licensed CCA, Waypoint knows, or should know, the requirements of the FDCPA and the FCCPA.

## **FACTUAL ALLEGATIONS**

### **The Alleged Debt**

11.     In or around July 8, 2019, Ms. Thigpen allegedly incurred a $401 debt (the "**Debt**") to Charter Communications ("**Charter**"), the *Original Creditor*.

12.     The alleged Debt arose from transactions that were primarily for family, personal, or household purposes, specifically, cable television and internet services, and therefore meets the definitions of *Debt* under the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Section 559.55(6), Florida Statutes.

13.     Around September 30, 2019, Charter placed or otherwise assigned the Debt to Waypoint for collection.

14.     In November 2019, Waypoint reported the Debt to Equifax and Experian, two national *Consumer Credit Reporting Agencies* ("**CRAs**"). **SEE PLAINTIFF'S EXHIBIT B.**

15.     Ms. Thigpen was alerted to the collection tradeline appearing on her credit report by CreditKarma, a credit monitoring application.

16.     Around December 1, 2019, Ms. Thigpen called Waypoint in response to its report and spoke with one of its agents.

17.     Waypoint's agent stated that the $401 Debt was the result of equipment supposedly not returned to Charter.

18.     Ms. Thigpen disputed the Debt to the Waypoint agent, stating that she had returned all of Charter's equipment and that she had received no notice from Charter or Waypoint of any alleged amount owed.

19.     Ms. Thigpen made clear that she disputed owing $401.

20. Ms. Thigpen stated that she could make a dispute to the CRAs to get the negative tradeline removed, and the Waypoint agent responded by telling her Waypoint's tradeline was "not removable."

21. While Waypoint is a furnisher of information to several CRAs, it has no ultimate authority to determine what information appears on a consumer's credit report, as the CRAs themselves ultimately determine whether any particular information will be included and if deletion is appropriate.

22. If a consumer disputes a particular tradeline, the CRA must make a reasonable investigation into the dispute and make an independent evaluation into the dispute; *see Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F. Supp. 972 (M.D.Fla.1985) (stating "merely reporting whatever information the creditor furnished was not reasonable, especially where the defendant knew of the impending dispute between the plaintiff and (creditor).")

23. Beyond this, *every* tradeline Waypoint reports is eventually removed by the CRAs to which Waypoint reports, due to the inevitable running of the seven-year reporting period prescribed by the **Fair Credit Reporting Act** ("**FCRA**") at 15 U.S.C. §1681c(a)(4).

24. Thus, the characterization by Waypoint's agent that its report was not removable – which, in essence, claimed that the CRAs were merely the puppets of Waypoint, who pulled on their strings to direct them what to report, and for how long – would materially deceive an unsophisticated consumer.

25. "Debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls." *Quale v. Unifund CCR Partners*, 682 F. Supp. 2d 1274, 1278 (S.D. Ala. 2010); *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R.

1993) ("[Credit reporting] is a powerful tool designed, in part, to wrench compliance with payment terms...").

26. Ms. Thigpen told the Waypoint agent that, although she disputed the Debt, she was willing to settle the Debt if Waypoint agreed to request deletion of its tradeline in exchange for payment.

27. Waypoint's agent refused.

28. After the call, Waypoint knew that Ms. Thigpen disputed the Debt.

29. Waypoint had no right to determine whether the dispute had merit; the FDCPA requires a debt collector to communicate a debt is disputed, and 1692e(8) "does not require an individual's dispute be valid or even reasonable. Instead, the plaintiff must simply make clear that he or she disputes the debt. *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010) ("[A] consumer can dispute a debt for 'no reason at all ....'")

30. Waypoint was obliged to disclose the fact that the Debt was disputed in all communications about the Debt, including in its later-made reports to the CRAs. *See, e.g., Semper v. JBC Legal Group*, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005); *Evans v. Portfolio Recovery Associates*, 889 F. 3d 337 (7th Cir 2018).

31. On December 27, 2019, Waypoint made new reports to the CRAs and thus engaged in new communications about the Debt.

32. When reporting information to nationwide CRAs, like Equifax, data furnishers, including Waypoint, prepare reports using the Metro 2 language created and maintained by the ***Consumer Data Industry Association*** ("CDIA").

33. Metro 2 contains ten ***Compliance Condition Codes*** ("CCCs") for data furnishers to notate accounts as disputed, previously disputed, and so on.

34. When Waypoint re-reported the Debt, it did not report any CCC.

35. The tradeline thus continued to appear on Ms. Thigpen's credit report as an "undisputed" debt.

36. By failing to disclose that the Debt was disputed, Waypoint effectively nullified Ms. Thigpen's dispute unilaterally.

37. Waypoint should have reported the Debt with an indication of "account information disputed by consumer," using the CCC code "XB."

38. Many commercially used credit scores, including FICO, disregard collection accounts reported as "disputed" from their score computations.

39. Waypoint's failure to disclose that the Debt was disputed materially damaged Ms. Thigpen's credit scores.

40. The failure to properly report a disputed debt *as disputed* creates a concrete injury-in-fact because the failure to disclose this information affects credit scores, meaning Ms. Thigpen suffered "a real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio Recovery Associates*, 889 F. 3d 337, 345 (7th Cir 2018).

41. While the FCRA generally preempts state law, such as the FCCPA, concerning collection attempts made *vis-à-vis* credit reporting, the FCRA at 1681h(e), exempts from this preemption, "false information furnished with malice or willful intent to injure such consumer."

42. "Malice can be established by evidence showing the defendant made a false statement 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" *Long v. Pendrick Capital Partners II, LLC*, Case No.: GJH-17-1955 (D. Md. Mar. 18, 2019) (quoting *New York Times v. Sullivan*, 376 U.S. 254, 279-80 (1964) ("A jury could

conclude that (Defendant) acted with reckless disregard for the truth when it initially furnished data about the disputed Emcare debt to the CRAs and when it verified the debt more than once. Plaintiff put (Defendant) on notice that she was not responsible for the Emcare debt, yet (Defendant) reported the debt anyway."))

43. In the instant matter, Waypoint furnished data which it clearly knew was disputed – with Ms. Thigpen and a Waypoint agent getting into a heated argument over the Debt – and as such, its failure to report it as a disputed Debt was reckless, even when viewed in a light most favorable to Waypoint.

44. Common law "has generally understood 'recklessness' in the civil liability sphere as conduct violating an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007)

45. A disputed debt appearing on a consumer credit history as an undisputed debt could easily be foreseen to cause harm to Ms. Thigpen.

46. Ms. Thigpen has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

### COUNT I
### VIOLATIONS OF THE FDCPA

47. Ms. Thigpen adopts and incorporates paragraphs 1 – 46 as if fully stated herein.

48. Waypoint violated **15 U.S.C. § 1692e and 1692e(10)** by making false and/or deceptive representations in connection with the collection of a debt when Waypoint claimed that its tradeline was "not removable," and when it reported a Debt it knew to be disputed without disclosure of the dispute.

Page **7** of 14

49. Waypoint violated **15 U.S.C. § 1692e(2)(a)** by making false representations about the character and legal status of a debt when Waypoint claimed that its tradeline was "not removable," and when it reported a Debt it knew to be disputed without disclosure of the dispute.

50. Waypoint violated **15 U.S.C. § 1692e2(8)** by communicating credit information known to be disputed, without disclosure of the dispute, when Waypoint reported the Debt to Experian on December 27, 2019, as an undisputed debt.

51. Waypoint violated **15 U.S.C. § 1692f** by using unfair means to collect a debt when it willfully re-reported a disputed debt without disclosure of the dispute, thereby causing actual harm to Ms. Thigpen.

52. Waypoint's actions render it liable for the above-stated violations of the FDCPA, and Ms. Thigpen is therefore entitled to statutory damages up to $1,000 as well as other relief.

**WHEREFORE,** Ms. Thigpen respectfully requests this Honorable Court to enter judgment against Waypoint, and for her, as follows:

a. Statutory damages of **$1,000**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c. Reasonable costs and attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCCPA

53.     Ms. Thigpen adopts and incorporates paragraphs 1 – 46 as if fully restated herein.

54.     Waypoint violated Section **559.72(6)**, Florida Statutes, in that it communicated credit information known to be disputed without disclosure of dispute in its reports to the CRAs, and it made such reports willfully and with malice to harm Ms. Thigpen's ability to obtain new credit.

55.     Waypoint violated Section **559.72(9)**, Florida Statutes, in that it asserted legal rights which do not exist, to wit, reporting of a Debt to the CRAs indefinitely, when the FCRA limits the reporting period of a tradeline to a maximum of seven years.

56.     By its conduct, the Defendants are liable for the above-stated violations of the FCCPA.

**WHEREFORE,** Ms. Thigpen respectfully requests this Honorable Court to enter judgment against Waypoint, and for her, as follows:

- a.     Statutory damages of **$1,000,** pursuant to Section 559.77(2), Florida Statutes;
- b.     Reasonable costs and attorneys' fees, pursuant to Section 559.77(2), Florida Statutes; and,
- c.     Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Thigpen hereby demands a jury trial on all issues so triable.

Respectfully submitted on February 24, 2020, by:

                                                             **SERAPH LEGAL, P. A.**
                                                             */s/ Brandon D. Morgan*
                                                             Brandon D. Morgan, Esq.
                                                            FL Bar Number: 1015954
                                                            bmorgan@seraphlegal.com
                                                            */s/ Thomas M. Bonan*
                                                            Thomas M. Bonan, Esq.
                                                            FL Bar Number: 118103
                                                            tbonan@seraphlegal.com
                                                            2002 E. 5th Avenue, Suite 104
                                                            Tampa, FL 33605
                                                            (813) 567-1230
                                                           *Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A	Waypoint's Florida CCA License
B	Ms. Thigpen's Experian Consumer Disclosure, December 30, 2019, Excerpt

# EXHIBIT A
## Waypoint's Florida CCA License



# EXHIBIT B
## Ms. Thigpen's Experian Consumer Disclosure, December 30, 2019, Excerpt

Experian - Access your credit report    https://www.experian.com/ncaconline/dispute?intcmp=dispute_app_startNew

BRITTANY THIGPEN | Report number ▮▮▮▮ | December 30, 2019 | Print | Close window

**Print your report**

Below is all the information currently in your credit report. The payment history guide and common questions will help explain your credit information. Print this page or write down your report number for future access.

**Address**
Experian
P.O. Box 9701 Allen, TX 75013

Any pending disputes will be highlighted below.

### Personal Information

Name(s) associated with your credit

| Name | Name identification number |
|---|---|
| BRITTANY THIGPEN | 31667 |
| BRITTANY L THIGPEN | 24024 |
| BRITTANY LORRAINE THIGPEN | 22714 |
| BRITTANY THITPEN | 11925 |
| BRITTANY HIGPENT | 13662 |
| THIGPEN BRITTANY LORRAINE | 9089 |
| BRITTANY LORRAI THIGPEN | 22100 |

Address(es) associated with your credit

| Address | Address identification number | Residence type | Geographical code |
|---|---|---|---|
| [redacted] | | | |

Other personal information associated with your credit

**Year of birth**
[redacted]

**Telephone number(s)**
[redacted]

**Current or former employer(s)**    **Address**
[redacted]

1 of 19                    Page 13 of 14                    12/30/2019, 5:56 PM

# EXHIBIT B
## Ms. Thigpen's Experian Consumer Disclosure, December 30, 2019, Excerpt

Experian - Access your credit report     https://www.experian.com/ncaconline/dispute?intemp=dispute_app_startNew



| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| WAYPOINT RESOURCE GROUP | | $401 as of 12/27/2019 | 09/2019 | Collection account. $401 past due as of Dec 2019. |
| 301 SUNDANCE PKWY ROUND ROCK, TX 78681 512 238 3230 | **Type** Collection | **Credit limit or original amount** $794 | **Date of status** 11/2019 | |
| **Address identification number** | **Terms** 1 Months | **High balance** $0 | **First reported** 11/2019 | |
| | **On record until** Apr 2026 | **Monthly payment** $0 | **Responsibility** Individual | |
| **Original creditor** CHARTER/BRIGHT HOUSE | | **Recent payment amount** $0 | | |

**Account history**

2019
Dec  Nov
C    C